IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ESTELA VALLE-CARDENAS AND TEOFILA LISTON, | § § § | |
| *Plaintiffs* | § § | CIVIL ACTION NO. _____ |
| VS. | § § § | |
| SAMUEL LEE THOMAS JR. AND LCA TRUCKING, LLC, | § § § | **JURY DEMANDED** |
| *Defendants* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE COURT:

Plaintiffs, Estela Valle-Cardenas and Teofila Liston, ("Plaintiffs"), files their Original Complaint and Jury Demand against Defendants, Samuel Lee Thomas Jr. and LCA Trucking LLC, (collectively "Defendants") and respectfully shows this Court as follows:

**I.
PARTIES**

1.   Plaintiff, Estela Valle-Cardenas ("Valle") is an individual who resides at 8925 Farmers 31, Marshall, Texas 75672, and is a resident of Texas.

2.   Plaintiff, Teofila Liston ("Liston") is an individual who resides at 18260 FM 31, Elysian Fields, Texas 75642, and is a resident of Texas.

3.   Defendant, Samuel Lee Thomas Jr., ("Thomas") was operating the commercial vehicle that violently rear ended the vehicle Valle was operating.  Thomas is a resident of Louisiana. Thomas may be served with personal process at the following address:  10430 Meadowview Dr., Keithville, Louisiana 71047.

4.      Defendant, LCA Trucking, LLC, ("LCA") is a Louisiana corporation engaged in and doing business in Texas. It has not designated and does not maintain a registered agent for service of process in Texas as required by §5.201 of the Texas Business Organizations Code. Thus, pursuant to §5.251 of the Texas Business Organizations Code, the secretary of state is the designated agent for service of process for this entity. Accordingly, it may be served with substituted service of process in the manner prescribed in §5.252 of the Texas Business Organizations Code by serving the Secretary of the State of Texas, Service of Process, P.O. Box 12079, Austin, Texas 78711-2079. The Secretary of State can serve Defendant LCA at its principal place of business, which is located at 4101 Viking Dr., Ste B, Bossier City, Louisiana 7111.

## II.
## JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1132, because this claim is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(a)(1)(2) and/or (3), as a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

## III.
## FACTUAL BACKGROUND

6.      On or about October 8, 2015, Valle was carefully and prudently operating a motor vehicle with her friend, Liston, in the vehicle as a passenger. Valle was traveling westbound in the outside lane of IH-20 in the Eastern District of Texas. Thomas was operating a commercial tractor trailer owned by LCA that was traveling in the inside lane. Due to a ladder that was on

the road, Valle had to change lanes from the outside lane to the inside lane. Suddenly and unexpectedly, Thomas's commercial tractor trailer violently rear ended the vehicle being driven by Valle. The violent impact caused Valle's vehicle to be pushed into the ditch and come to final rest in the ditch facing Northbound.

7. Valle was not issued any citations in connection with this violent rear end wreck.

8. Thomas's failure to control his speed was the sole cause of the injuries, harms and losses sustained by Valle and Liston.

## IV.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Negligence*

9. At the time and place in question, LCA, by and through its employee and/or permissive driver, Thomas, was guilty of the following separate acts of negligence, each of which, singularly or in combination, were a proximate cause of the injuries, harms and losses alleged herein. Additionally, in the event it is determined that Thomas is not an employee of LCA, then he was a permissive operator and/or statutory employee of the tractor trailer owned or leased by LCA and was using it with LCA's knowledge, consent and approval. Further, Thomas was guilty of negligence for the following reasons:

    (a) Failing to maintain a proper lookout as a person using ordinary care would have done;

    (b) Failing to take evasive action as a person using ordinary care would have done;

    (c) Failing to operate the commercial motor vehicle as a reasonably prudent person would have done under the same or similar circumstances;

    (d) Failing to heed traffic laws as a person using ordinary care would have done under the same or similar circumstances;

(e) Failing to ensure that he could stop safely prior to violently colliding with Plaintiff's vehicle;

(f) Failing to control his speed;

(g) Failing to timely apply his brakes;

(h) Failing to follow at a safe distance; and

(j) Failing to take appropriate action to avoid the wreck such as a reasonably prudent person would have done under the same or similar circumstances.

10. Plaintiffs would show that LCA's omissions or acts through their officers, employees, or agents, as set forth herein and otherwise, constitutes negligence, each and all of which were a proximate cause of the crash and Plaintiffs' resulting injuries, harms and losses. These acts and/omissions include but are not limited to the following:

(a) Failing to develop and implement policies and procedures relating to the safe use of company vehicles by inexperienced employee driver's or inexperienced permissive drivers or hired hands over whom it exercised control;

(b) Failing to adequately and/or properly train and supervise its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control;

(c) Failing to ensure that its employees, inexperienced permissive drivers and/or hired hands over whom it exercised control had the requisite amount of experience to operate a company vehicle;

(d) Failing to adequately manage, direct, and/or supervise its employees, permissive drivers and/or hired hands over whom it exercised control;

(e) Failing to adequately manage, direct, and/or supervise its management personnel, including employees, permissive drivers or hired hands;

(f) Failing to exercise reasonable care in the supervision of employees, permissive drivers and/or hired hands over whom it exercised control;

(g) Failing to reasonably exercise the supervisory right of its employees, permissive drivers and/or hired hands over whom it exercised control;

(h) Failing to stop its employees, permissive drivers and/or hired hands over whom it exercised control from operating company vehicles in an unsafe manner and

       failing to instruct employees, permissive drivers and/or hired hands over whom it exercised control to operate company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the wreck;

(i) Failing to comply with its policies and procedures relating to conducting safety meetings with its employees, permissive drivers and/or hired hands over whom it exercised control;

(j) Failing to properly implement Job Safety Analysis ("JSAs") relating to the safe operation of company vehicles for its employees, permissive drivers and/or hired hands over whom it exercised control;

(k) Failing to ensure a competent, adequately trained and experienced employee, permissive driver and/or hired hand over whom it exercised control, was operating the subject company vehicle prior to and on the date of the wreck;

(l) Failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employees, permissive drivers and/or hired hands over whom it exercised control, to ensure employees, permissive drivers and/or hired hands over whom it exercised control;

(m) Failing to require its agents, servants, employees, permissive drivers and/or hired hands over whom it exercised control could properly and safely operate company vehicles on the date of the wreck;

(n) Failing to have policies and procedures in place that would prevent its employees, permissive drivers and/or hired hands over whom it exercised control from using a cell phone or other electronic device while attempting to operate a company vehicle;

(o) Failing to develop and/or implement a post-accident drug testing policy for its employees, permissive drivers and/or hired hands over whom it exercised control;

(p) Failing to perform a post-accident drug test or take other remedial action relating the Defendant Thomas after the wreck;

(q) Failing to implement and enforce a "distracted driver" policy to ensure that its employees, permissive drivers and/or hired hands over whom it exercised control would not operate a company vehicle while operating any electronic device or otherwise being distracted while driving, including cell phones, personal digital devices, iPad, iPhones or other electronic devices;

(r) Failing to demand that Defendant Thomas undergo remedial driver training after the incident that makes the basis of Plaintiffs' claims occurred;

(s)  Failing to ensure that a safety meeting occurred prior to Defendant Thomas's operation of the company vehicle on the date of the wreck;

(t)  Failing to keep records in compliance with its document retention policy;

(u)  Failing to conduct a proper road test of Thomas per the applicable Federal Motor Carrier Safety Regulations ("FMCSR");

(v)  Committing other acts and/or omissions of negligence, which will be specified at the time of trial.

11. All of the above identified acts or omissions on the part of LCA and/or its agents, servants, employees, permissive drivers and/or hired hands over whom it exercised control, including Thomas, was or were a proximate cause of the wreck that makes the basis of this lawsuit and the resulting injuries, harms and losses sustained by the Plaintiff.

12. Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the wreck, and the serious, debilitating and life altering injuries, harms and losses sustained by Plaintiff.

## SECOND CAUSE OF ACTION
*Negligence Per Se*

13. The occurrence made the basis of this suit and the Plaintiffs' resulting injuries and damages were proximately caused by the *negligence per se* of Defendants, LCA and Thomas in one or more of the following respects:

(a)  An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway. § 545.062, Tex. Tran. Code Ann. (2012).

14. At all times material to this cause of action, Plaintiffs belonged to that class of persons for

whom said statutes were enacted to protect. Plaintiffs would also show that each one of the foregoing acts and/or omissions constituted *negligence per se* and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the collision in question, and the serious, painful and permanent injuries sustained and damages incurred by the Plaintiffs.

15. Plaintiffs would further show that each one of the foregoing acts and/or omissions also constitute evidence of negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the violent incident in question, and the serious, painful and permanent injuries, harms and losses sustained by the Plaintiff.

### THIRD CAUSE OF ACTION
*Negligent Entrustment*

16. Plaintiffs allege that LCA negligently entrusted the tractor trailer truck involved in this incident to Thomas. Defendant Thomas exercised control of whom was allowed to operate the tractor trailer Thomas was permissively operating at the time of the incident. Plaintiffs assert that LCA entrusted the tractor trailer to Thomas on the date of the incident, that Thomas was an unlicensed, incompetent or reckless driver at the time of the entrustment, that LCA knew or should have known Thomas was an unlicensed, incompetent, or reckless driver, that Thomas was negligent in causing the incident and that Thomas's negligence in causing the incident was a proximate cause of Plaintiff's injuries, harms and losses.

### V.
### OTHER PLEAS

*Statutory Employee*

17. At all times material to this cause of action, Thomas was for all purposes a statutory

employee of LCA as contemplated by both the Federal Motor Carrier Safety Responsibility Act ("FMCSR") and Texas statutes. An employer, as defined by FMSCR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business..." 49 C.F.R. § 390.5 (1997). Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto." LCA is thereby vicariously liable for the negligent actions of Thomas.

*Respondent Superior*

18. At all times relevant hereto, Thomas, was in the course and scope of his employment with LCA and/or one of the companies owned or controlled by LCA and/or was under LCA's supervision, direction and control as a permissive operator of the truck he was operating and/or the statutory employee of LCA at the time of the wreck, thereby rendering LCA vicariously liable for the actions of its employee and/or permissive user and/or hired hand and/or statutory employee, LCA.

## VI.
## DAMAGES

19. Valle and Liston suffered serious injuries when they were suddenly and unexpectedly violently rear ended by the 18 wheeler being operated by Thomas. As a result of this incident, Plaintiffs sustained injuries, harms and losses which include, but are not limited to: physical pain and mental anguish sustained in the past and that, in reasonable probability, will be

sustained in the future; physical impairment sustained in the past and that, in reasonable probability, will be sustained in the future; disfigurement sustained in the past and that, in reasonable probability, will be sustained in the future; loss of earning capacity in the past and that, in reasonable probability, will be sustained in the future, medical care expenses in the past and that, in reasonable probability, will be sustained in the future and loss of household services sustained in the past and that, in reasonable probability, will be sustained in the future.

## VII.
## JURY DEMAND

20.    Pursuant to Rule 38, FRCP, Plaintiff respectfully request that a jury be impaneled to decide the factual issues of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs have a judgment against Defendants, for all damages described above and in the full amounts allowed by law, as well as the following:

   a.   A judgment in excess of the jurisdictional limits of this Court;

   b.   pre-judgment interest;

   c.   post-judgment interest;

   d.   court costs and expenses; and

   e.   all such other relief, whether at law or in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF GARCIA & DUBOVE, PC**

/s/ *Abraham Carreon*
Abraham Carreon
Texas State Bar No. 24100077
510 SSW Loop 323, Ste 330
Tyler, TX 75702
Telephone: (903) 593-4545
Facsimile: (903) 593-3474
Email: acarreon@dgley.com

**ATTORNEYS FOR PLAINTIFF**